UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11365-RWZ

NORMAN JAY EASON, JR.

v.

DUANE MacEACHERN

ORDER
December 15, 2010

ZOBEL, D.J.

Norman Jay Eason, Jr., a state prisoner, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the grounds that the evidence as to at least one count was insufficient and that his trial counsel was in several respects ineffective. Respondent has moved to dismiss for failure to file within the requisite period of limitations (Docket # 6). In his opposition petitioner points out that respondent's memorandum in support of the motion contains one or more errors. Acknowledging a wrong date of conviction, respondent has also moved to correct the error (Docket # 10), which motion is allowed.

The governing statute, 28 U.S.C. § 2244(d)(1), provides that a one-year statute of limitations shall apply to an application like the instant one and, insofar as relevant, that the time shall run from "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

It is now undisputed that petitioner was convicted on October 31, 2007. He

timely submitted an appeal to the Massachusetts Appeals Court and, upon its affirmance of the conviction, a petition for rehearing which was denied. Through counsel petitioner applied for further appellate review to the Supreme Judicial Court. That court denied the application on February 25, 2009. The petition in this court was filed on August 12, 2010, more than one year after that denial plus 90 days for seeking review in the U. S. Supreme Court.

Petitioner points to subsection (d)(2) which tolls "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending...". He then suggests his motions for the appointment of post-conviction counsel and for funds to hire an investigator filed respectively on April 13 and August 7, 2009, stopped the running of the time until November 23, 2009, when, according to the docket of the Superior Court, the "Court received packet of documents from the defendant pro se." The difficulty with petitioner's argument is that these motions do not fit within the statute as they are not motions for collateral review of the judgment of conviction. See Rodriguez v. Spencer, 412 F. 3d 29, 36 (1st Cir. 2005) (citing Voravongsa v. Wall, 349 F. 3d 1, 6-7 (1st Cir. 2003)).

Respondent's motion to dismiss (Docket # 6) is allowed. Judgment may be entered dismissing the petition.

     December 15, 2010                               /s/Rya W. Zobel
           DATE                                      RYA W. ZOBEL
                                                UNITED STATES DISTRICT JUDGE